﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 200330-75193
DATE: February 26, 2021

REMANDED

Entitlement to a 40 percent rating for right shoulder tendonitis with repeated Bankart repairs prior to January 23, 2020 is remanded. 

Entitlement to a 30 percent rating for left shoulder tendonitis with repeated Bankart repairs and labral tear prior to January 23, 2020 is remanded. 

REASONS FOR REMAND

The Veteran served on active duty in the United States Navy from November 1995 to August 2000, and from January 2002 to August 2006. 

The original rating decision underlying the present appeal was issued in August 2018 by a Department of Veterans Affairs (VA) Regional Office (RO). The RO denied ratings in excess of 20 percent each for the Veteran’s service-connected right and left shoulder disabilities. He filed a legacy notice of disagreement (VA Form 21-0958) in October 2018, and a statement of the case (SOC) was issued in January 2020. See 38 C.F.R. §§ 19.26, 19.29, 19.30, 20.200, 20.201 (2018). Coincident with the issuance of the January 2020 SOC, the RO increased the rating for the Veteran’s right shoulder disability to 40 percent, and for his left shoulder disability to 30 percent, effective January 23, 2020.

The Appeals Modernization Act (AMA) allows VA claimants to opt into the modernized review system by requesting review of a SOC or supplemental SOC (SSOC) issued on or after February 19, 2019, if the opt-in is received within one year of the date of the notification of the underlying rating decision, or 60 days from the issuance of the SOC/SSOC, whichever is later. Here, the Veteran elected to appeal to the Board via the modernized appeal system in March 2020, after receiving the January 2020 SOC. See March 2020 VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)). He requested direct review of the evidence considered by the agency of original jurisdiction at the time of the SOC. 38 C.F.R. §§ 20.201, 20.202(b)(1).

1. Entitlement to a 40 percent rating for right shoulder tendonitis with repeated Bankart repairs prior to January 23, 2020 is remanded.

2. Entitlement to a 30 percent rating for left shoulder tendonitis with repeated Bankart repairs and labral tear prior to January 23, 2020 is remanded. 

The Veteran was afforded a VA examination of his shoulders in August 2018. The examiner confirmed that pain significantly limited the Veteran’s functional ability with repeated use over time and during flare ups, bilaterally. However, it was noted that the loss experienced with repeated use over time and during flare ups was not able to be described in terms of range of motion as the Veteran was not tested after repetitive use over time or during a flare up. 

In Sharp v. Shulkin, 29 Vet. App. 26 (2017), the United States Court of Appeals for Veterans Claims held that a VA examiner must attempt to elicit information from the record and the Veteran regarding the severity, frequency, duration, and functional loss during flare-ups. Id. at 34-36. If the Veteran is not exhibiting functional loss due to flare-ups and/or repeated use over time at the time of examination, examiners are nevertheless to offer opinions with respect to functional loss based on estimates derived from information procured from relevant sources, including lay statements of the Veteran, if feasible.

In January 2020, a VA examiner opined that pain significantly limited the Veteran’s functional ability with repeated use over time and during flare ups and described such limitation in terms of range of motion. Based on that assessment, the ratings for the Veteran’s shoulder disabilities were increased effective the date of the examination.

Although the record contains an opinion from a medical professional that is compliant with Sharp as of January 2020, no opinion has been obtained with respect to the earlier portion of the period on appeal. The failure to obtain such an opinion constitutes a pre-decisional duty to assist error that must be corrected. See Chotta v. Peake, 22 Vet. App. 80 (2008) (when there is an absence of medical evidence during a certain period of time, a retroactive medical evaluation may be warranted). 

 These matters are REMANDED for the following action:

Make arrangements to return the Veteran’s claims file to the VA examiner who conducted the January 2020 examination of the Veteran’s shoulders. 

The examiner should be asked to review the record for purposes of providing a retrospective opinion with respect to the severity of the Veteran’s right and left shoulder disabilities during the period from June 20, 2017 to January 22, 2020. 

Specifically, the examiner should be asked to indicate whether it is at least as likely as not (i.e., whether it is 50 percent or more probable) that, during all, or any portion, of the period in question from June 20, 2017 to January 22, 2020, the Veteran experienced functional loss in the right or left shoulder due to flare-ups and repeated use over time. If the answer to that question is yes, the examiner should express the loss in terms of degrees of additional loss in range of motion (i.e., in addition to that observed clinically), if feasible, taking into account all of the evidence, including the Veteran’s competent statements with respect to the frequency, duration, characteristics, and severity of his limitations. In so doing, the examiner should offer an opinion as to whether it is at least as likely as not that the additional loss of function experienced by the Veteran as demonstrated in the report of the January 2020 examination has been present to the same degree since June 20, 2017. 

If the January 2020 examiner is no longer employed by VA or is otherwise unable to provide the opinion(s) requested, arrange to obtain the requested information from another qualified examiner, such as the August 2018 examiner or another examiner. The need for another examination and/or telephonic or video interview of the Veteran is left to the discretion of the examiner(s) selected to offer the requested opinions. 

Governing law requires that if a veteran is not exhibiting functional loss due to flare-ups and/or repeated use over time when examined, examiners will nevertheless offer opinions with respect to functional loss based on estimates derived from information procured from relevant sources, including lay statements of the Veteran. An examiner must do all that reasonably should be done to become informed before concluding that an opinion cannot be provided without resorting to speculation. 

That said, if it is the examiner’s conclusion that he or she cannot feasibly provide the requested opinion(s), even considering all of the available evidence, it must be so stated, and the examiner must provide the reasons why offering such opinion(s) is not feasible. In so doing, the examiner should explain whether the inability to provide a more definitive opinion is the result of the need for additional information, or whether he or she has exhausted the  

limits of current medical knowledge in providing an answer to a particular question. 

 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Smith, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.